IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARI HODGES, | ) | Case No. 1:25-CV-2239 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HENDERSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |
| | ) | |

On October 20, 2025, Plaintiff Cari Hodges ("Hodges"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying her application for supplemental security income ("SSI"). ECF Doc. 1.  The Court referred the case to Magistrate Judge Carmen E. Henderson for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).  Magistrate Judge Henderson recommends the Court affirm the decision of the Commissioner.  ECF Doc. 12.  Hodges has asserted one objection to the R&R—that Magistrate Judge Henderson should have remanded her case under sentence six based on new evidence submitted to the Appeals Council.  ECF Doc. 13.

The Court has reviewed the record, the R&R, Hodges's objection and the Commissioner's response.  ECF Doc. 14.  Because the Court agrees with Magistrate Judge Henderson that the new evidence was not material, the Court overrules Hodges's objection and

adopts Magistrate Judge Henderson's R&R.  Accordingly, the Court overrules Hodge's Statement of Errors and AFFIRMS the ALJ's decision.  The case is DISMISSED with prejudice.

## I.      Background

Hodges filed an application for SSI on June 20, 2023, alleging a disability onset date of June 1, 2023 due to post traumatic stress disorder ("PTSD"), runners knee, orbital floor break – right eye, broken pinky finger with limited range of motion, anxiety, depression, premenstrual dysphoric disorder ("PMDD"), and dyslexia.  ECF Doc. 5 at 188, 213.  Her claims were denied initially and upon reconsideration.  ECF Doc. 5 at 74, 83.  She then requested a hearing before an administrative law judge ("ALJ").  ECF Doc. 5 at 113.  Ms. Hodges and a Vocational Expert ("VE") testified before an ALJ on September 24, 2024.  ECF Doc. 5 at 48.  After the hearing, the ALJ issued a decision finding Hodges was not disabled.  ECF Doc. 5 at 28.  After the decision was issued, Hodges submitted a new psychological evaluation report (ECF Doc. 5 at 7-20) and requested that the Appeals Council review the ALJ's decision.  *See* ECF Doc. 5 at 2. The Appeals Council found that the additional evidence did not relate to the period at issue and denied Hodges's request for review.  Thus, the ALJ's hearing decision became the final decision of the Commissioner.  ECF Doc. 5 at 1.  Hodges filed this action on October 20, 2025.  ECF Doc. 1.

## II.     Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see*

*also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the Commission applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

### III.    Law & Analysis

Hodges seeks a remand of her SSI application to be reconsidered with new evidence she submitted to the Appeals Council after the ALJ issued a decision. Plaintiff's remand request is governed by sentence six of 42 U.S.C. § 405(g). Under sentence six, the reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

> The Sixth Circuit has interpreted this statute as creating the following requirements for a remand to consider new evidence: that the evidence be "new"-that is, "not in existence or available to the claimant at the time of the administrative proceeding"; that the evidence be "material," which requires showing a "reasonable probability" that the Commissioner would have reached a different disposition of the claim if presented with the new evidence; and that

"good cause" exists for not producing the evidence in a prior proceeding, which requires showing "a reasonable justification for the failure to acquire and present the evidence of inclusion in the hearing before the ALJ."

*Eason v. Comm'r of Soc. Sec.,* No. 4:25-CV-0222, 2025 U.S. Dist. LEXIS 215741 at *8 (N.D. Ohio Nov. 3 2025), citing *Phillips v. Comm'r of Soc. Sec.*, No. 5:19-CV-01261, 2020 U.S. Dist. LEXIS 41352, (N.D. Ohio Mar. 10, 2020).  Unless the district court *sua sponte* remands the case, the party seeking remand bears the burden of showing that a sentence six remand is appropriate. *Oliver v. Sec'y of Health & Hum. Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Gifford v. Comm'r Soc. Sec.*, No. 5:20-CV-559, 2021 U.S. Dist. LEXIS 159283 at *12 (N.D. Ohio Aug. 24, 2021); citing *Street v. Comm'r of Soc. Sec.*, 390 F. Supp. 2d 630, 640 (E.D. Mich. 2005).

Magistrate Judge Henderson carefully analyzed the new evidence submitted by Hodges to the Appeals Council after the ALJ had rendered a decision on Hodges's SSI application. Contrary to the Appeals Councils' rote rejection of Hodges' as not relating to the period in question, MJ Henderson found that the Pace Consulting report *did* relate to the relevant time period and was "new" evidence for purposes of sentence six of 42 U.S.C. § 405(g).  However, after closely reviewing the ALJ's residual functional capacity ("RFC") and the new psychological evaluation report, MJ Henderson found that it was improbable that the new report would have changed the ALJ's determination.  The ALJ's RFC had already incorporated the limitations which were supported by the Pace Consulting report.  The Court has reviewed the ALJ's RFC and the Pace Consulting report and agrees with MJ Henderson that it is not material for purposes of sentence six of 42 U.S.C. § 405(g).

The Court also agrees with MJ Henderson that Hodges has not established good cause for failing to provide the new evidence to the ALJ before her decision was issued.  Hodges was represented by counsel during her hearing before the ALJ.  The ALJ asked Hodges and her

attorney if there were any additional records for which she should be waiting.  ECF Doc. 5 at 51 and 73.  Neither Hodges nor her counsel informed the ALJ that they were expecting to receive the psychological evaluation report from Pace Consulting.  If they had done so, the ALJ could have held Hodges's claim open and issued her decision after reviewing the report.  Because Hodges has not shown good cause for failing to provide the psychological evaluation report to the ALJ, she is not entitled to a sentence six remand.

After *de novo* review, the Court agrees with the thoughtful analysis of MJ Henderson.  While Hodges's psychological evaluation report was technically new evidence, it was not material, and Hodges did not have good cause for failing to submit it before the ALJ issued her decision.  Hodges is not entitled to a remand of this case under sentence six of 42 U.S.C. § 405(g).

### IV.    Conclusion

For the reasons discussed above, the Court overrules Hodges's objection to the R&R, which is hereby adopted.  Because the Commissioner's decision to deny SSI is supported by substantial evidence and Hodges's new evidence was not material, the Court AFFIRMS the ALJ's decision and DISMISSES the case with prejudice.

**IT IS SO ORDERED.**

Dated: July 22, 2026

*s/Dan Aaron Polster*
United States District Judge

5